UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE:

IN THE MATTER OF
$189,490 IN U.S. CURRENCY

CIVIL ACTION

NO. 23-00665-BAJ-SDJ

RULING AND ORDER

This action seeks civil forfeiture of certain property derived from illegal drug activities. Now before the Court is the United States' **Motion For Entry Of Default Judgment As To $27,490.00 In U.S. Currency Of The Defendant Property And For Order of Forfeiture (Doc. 17)**, seeking a final default judgment against the interests of Khari Greene and Yanyang Ge Ge ("potential claimants") and any and all unknown possible claimants in this cause, forfeiting the remaining Defendant Property to the United States, namely the $27,490.00 in U.S. Currency of the $189,490.00 that was seized. For reasons to follow, the United States' motion will be granted.

I. FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 2023, the United States filed its verified complaint for forfeiture *in rem*, seeking forfeiture to the United States of a property allegedly traceable to illegal drug activities, pursuant to 21 U.S.C. § 881(a)(6): namely (1) $27,490.00 in U.S. Currency; ("Defendant Property"). (Doc. 1, the "Verified Complaint"). The Defendant Property was seized from the potential claimants on or about February 22, 2023, on Interstate 12 near the Millerville Road exit in Baton Rouge, Louisiana

and is in the custody of the United States Marshals Service. (Doc. 1 at 1).

The Verified Complaint further alleges that the $189,490.00 in U.S. Currency (recovered from a Toyota SUV registered to Ge Ge) were the proceeds of drug transactions. (*Id.* at 4-6).

On August 22, 2023, the United States sent written notice of the Verified Complaint by certified U.S. Mail to persons who reasonably appeared to be a potential claimant(s), pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure ("Supplemental Rule G"). (Doc. 17-2, Doc. 17-3, Doc. 17-4). This written notice was delivered to Khari Greene on August 29, 2023. (Doc. 17-3). Consistent with Supplemental Rules G(4)(b)(i) and G(5)(a), the United States' August 29th notice letter advised that any claimant to the Defendant Property was required to "file a verified claim within 35 days after the date of this notice, if the notice is delivered by mail." (Doc. 17-2 at ¶ 3).

On August 29, 2023, the United States posted notice of the Verified Complaint to http://www.forfeiture.gov, a U.S. Department of Justice forfeiture website, pursuant to Supplemental Rule G(4)(a)(iv)(C). (Doc. 17-1). This internet notice ran for thirty consecutive days and advised that any claimant to the Defendant Property was required to file a verified claim within sixty days from the first day of publication—*i.e.*, not later than October 27, 2023. (*Id.* at p. 1).

Thereafter on September 28, 2023, Greene timely filed a claim, asserting an interest in $27,490.00 in the U.S. currency of the Defendant property.

On April 24, 2024, after several communications with Greene, the United States filed a motion to strike Green's claim to the $27,490.00 in U.S. Currency of the Defendant property because he failed to comply with several requirements of the Supplemental Rules including failure to sign the claim under penalty of perjury, failure to file a valid answer and failure to provide full and complete verified responses to Special Interrogatories. (Doc. 17-1). (*See also* Doc. 11). On April 26, 2024, the Court issued an Order (Doc. 12) granting the United States' Motion to Strike Khari Greene's claim. (Doc. 11).

On September 8, 2023, Ge Ge filed a claim (Doc. 4), asserting an interest in $162,000.00 in U.S. currency of the Defendant property. However, she did not file a claim for the subject of the motion, specifically regarding the $27,490.00 in U.S. currency of the Defendant Property. (Doc. 17-1 at n1).

On May 17, 2024, the United States submitted its Motion For Clerk's Entry Of Default as to the Defendant Currency, pursuant to Federal Rule of Civil Procedure 55(a), on the basis that "[n]o other persons or entities have filed a claim for $27,490.00 in U.S. currency of the [D]efendant property" within the time periods set forth at Supplemental Rule G(5)(a)(ii)(A) and (B). (Doc. 13 at 2). The United States supports its motion with the declaration of Assistant U.S. Attorney J. Brady Casey. (Doc. 13-3).

On May 20, 2024, the Clerk of Court for the Middle District of Louisiana entered a default of $27,490.00 of the Defendant property in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 14). (*See also* Doc. 17-1 at 1, 2).

Since the Clerk's entry of default, no party has filed a claim or an answer for the remaining Defendant Currency, namely the $27,490.00 in U.S. Currency of the Defendant property.

Now before the Court is the United States' Motion (Doc. 17), seeking confirmation of the Clerk's entry of default, and a final judgment forfeiting the Defendant Currency to the United States. (Doc. 15).

## II. LAW AND ANALYSIS

### A. Standard

The U.S. Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the Clerk when the default is shown "by affidavit or otherwise." *See id.* Third, a party may apply for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, the Court applies a two-part analysis to determine whether a final default judgment should be entered. First, the Court considers whether the entry of default judgment is appropriate based on the factors set forth in *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). These factors are: (1) whether there are material issues of fact at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith

mistake, (5) the harshness of the default judgment, and (6) whether the court would think itself obliged to set aside the default on a motion for relief from the judgment. *Id.*

Second, the Court assesses the merits of the action to determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Reyes v. VH Acoustic Ceilings, LLC*, No. 18-cv-00790, 2020 WL 504659, at *2 (M.D. La. Jan. 31, 2020) (Jackson, J.).

### B. Discussion

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Reyes*, 2020 WL 504659, at *2 (citing *Lindsey*, 161 F.3d at 893). Here, however, the United States' Verified Complaint remains unanswered, the Clerk of Court has entered default, and the United States has filed a motion for default judgment. Thus, the procedural requirements for default judgment have been satisfied, *New York Life*, 84 F.3d at 141, and the Court may turn to the merits of the Government's request.

#### i. *Lindsey* Factors

All *Lindsey* factors plainly favor entry of default judgment in the United States' favor.

First, there are no material facts in dispute because no person or entity filed a timely claim to the remaining Defendant Property.

Second, any putative claimants would not be unduly prejudiced by a default judgment because the United States has provided ample opportunity to respond

under the requisite procedures.

Third, the grounds for granting a default judgment against any potential claimants are clearly established by this action's factual and procedural history and the Clerk's entry of default.

Fourth, there is no evidence that default was caused by excusable neglect or good faith mistake.

Fifth, an entry of default would not be unduly harsh to any putative claimants because any and all such claimants were provided sufficient notice and opportunity to file a claim to the Defendant Property based on the direct mailings and the publication on the DOJ website.

Finally, there has been no showing of any facts that would lead the Court to anticipate that it may set aside a default judgment if a claimant appears and contests it.

### ii. Sufficiency of the Pleadings

Moreover, the merits of the United States' case is strong. Title 21 U.S.C. § 881(a)(6) provides that "[a]ll moneys ... or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance ... [and] all proceeds traceable to such an exchange" are "subject to forfeiture to the United States and no property right shall exist in them." Here, the Verified Complaint sets forth that the Defendant Currency consists of money furnished or intended to be furnished by Greene and Ge Ge in exchange for a controlled substance, *or* are proceeds traceable to such an exchange, *or* are money used or intended to be used to facilitate a drug

offense, in violation of the Controlled Substances Act. Such money is unquestionably subject to forfeiture.

Moreover, upon entry of a default judgment in this matter, no one will have an interest in, or claim to, the Defendant Currency. 21 U.S.C. § 881(a)(6). As such, a forfeiture judgment vesting all interests in, claims to, and title to, the Defendant Currency with the United States is warranted.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the United States' **Motion For Entry Of Default Judgment And For Order Of Forfeiture (Doc. 17)** be and is hereby **GRANTED**.

Judgment shall be issued separately.

Baton Rouge, Louisiana, this 30th day of July, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**